IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD P. MELVIN,<br><br>        Plaintiff,<br><br>vs.<br><br>LAKE COUNTY SHERIFF'S OFFICE; BROOK LIVINGSTON, Deputy, Lake County Sheriff Office; AUSTIN RUBEL, Deputy, Lake County Sheriff Office; ANDY IVANOFF, Trooper, Montana Highway Patrol; and MONTANA HIGHWAY PATROL,<br><br>        Defendants. | CV 24–64–M–DLC<br><br><br>ORDER |

Before the Court are Defendant Lake County Sheriff's Office Rule 12(b)(6) Motion to Dismiss Plaintiff Ronald P. Melvin's Complaint (Doc. 9), Plaintiff's pro se Motion to Order New Court Hearing to Dismiss Judgment (Doc. 12), and Plaintiff's Motion for Summary Judgment (Doc. 15). For the following reasons, the Court grants the Motion to Dismiss and denies Plaintiff's Motion to Order Hearing and Motion for Summary Judgment.

1

## BACKGROUND[1]

On May 13, 2024, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights by the Lake County Sheriff's Office, Lake County Sheriff's Deputies Brook Livingston and Austin Rubel, Montana Highway Patrol, and Montana Highway Patrol Trooper Andy Ivanoff. (Doc. 1.) Plaintiff filed this Complaint after the Court dismissed, without prejudice, Plaintiff's identical § 1983 action against these same defendants for failure to prosecute, failure to comply with the Court's orders, and failure to timely serve Defendants in compliance with Federal Rule of Civil Procedure 4. *Melvin v. Lake Cnty. Sheriff's Office*, CV 23-136-M-DLC, Doc. 11 (D. Mont. May 9, 2024).

On May 22, 2024, Plaintiff filed a Proof of Service form indicating that he served a summons for Austin Rubel and the Lake County Sheriff's Office on Kate Stinger, Executive Assistant at the Lake County Sheriff's Office. (Docs. 5, 7.) All other summonses were returned unexecuted. (Docs. 4, 6, 8.) On June 11, 2024, Defendant Lake County Sheriff's Office filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 9.), and on September 18, 2024, Plaintiff filed a Motion for Summary Judgment (Doc. 15).

---

[1] The following facts are taken from the Complaint and are assumed to be true for the limited purposes of resolving Defendants' motions to dismiss.

2

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). "In general, the [Rule 12(b)(6)] inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff"; however, the Court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (internal citation omitted).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be

given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

## DISCUSSION

### I.     Motion to Dismiss and Dismissal of Remaining Defendants

Defendant Lake County Sheriff's Office argues that they cannot be sued under § 1983 because they are not a political subdivision or separate entity subject to liability. (Doc. 10 at 5.) They are correct—the Lake County Sheriff's Office is a departmental unit of Lake County and, therefore, lacks the capacity to be sued under § 1983. *See Cochran v. Newell*, 2017 WL 9324532, at *5 (D. Mont. Dec. 5, 2017). The Court previously informed Plaintiff that the Lake County Sheriff's Department is not a proper Defendant in *Lake Cnty Sheriff's Office*, CV 23-136-M-DLC, Doc. 7. As to the remaining defendants, the Court also previously informed Plaintiff that the Montana Highway Patrol is an agency of the State of Montana and is thus immune from suit in federal court under the Eleventh Amendment to the United States Constitution. *Id.* Furthermore, Plaintiff has again failed to timely serve Defendants Ivanoff and Livingston.

The Court is mindful of its obligation to provide pro se litigants notice of the deficiencies in their complaint and leave to amend, and has correspondingly done so in *Lake Cnty Sheriff's Office*, CV 23-136-M-DLC. *See Eldridge v. Block*, 832

F.2d 1121, 1136 (9th Cir. 1987). Yet despite this prior notice, Plaintiff has realleged the same cause of action against the same defendants; indeed, it appears that he simply refiled the exact same complaint that was previously dismissed and has taken no new action to prosecute this case. However, given Plaintiff's status a as a pro se litigant, and the Court's duty "to ensure pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements," *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990), the Court finds that dismissal without prejudice is most appropriate. Should Plaintiff choose to pursue this matter again, the Court urges that he be diligent in curing the errors highlighted above.

## II.     Motion to Order New Court Hearing to Dismiss Judgment

Plaintiff filed his pro se Motion to Order New Court Hearing to Dismiss Judgment in this matter on June 21, 2024. (Doc. 12.) However, it appears that the motion actually pertains to Plaintiff's other pending case presently before this Court, *Melvin v. Kalmbach*, CV 23-140-M-DLC-KLD (Nov. 11, 2023). In that matter, Plaintiff has filed a similar § 1983 action against James Lapotka and Justin Kalmbach. Plaintiff's present motion lists both Lapotka and Kalmbach as the relevant defendants. Accordingly, the Court denies the motion as moot.

### CONCLUSION

Accordingly, IT IS ORDERED:

5

1. Defendant Lake County Sheriff's Office's Motion to Dismiss (Doc. 9) is GRANTED. Defendant Lake County Sheriff's Office is DISMISSED as a defendant in this matter;

2. Plaintiff Ronald Melvin's Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to timely serve Defendants in compliance with Fed. R. Civ. P. 4;

3. Plaintiff's Motion to Order New Court Hearing (Doc. 12) is DENIED as moot;

4. Plaintiff's Motion for Summary Judgment (Doc. 15) is DENIED as moot; and

5. The Clerk of Court is directed to enter, by separate document, judgment of dismissal and to close this matter. No further filings will be accepted. DATED this 21st day of October, 2024.

_____
Dana L. Christensen, District Judge
United States District Court